BAILES, Judge.
The plaintiffs, T. C. Camp, Curtis P. Daigle and Delton G. Wheat, during the calendar year 1967 were engaged in the sale of alcoholic beverages containing more than 3.2 per cent alcohol by volume in the unincorporated portion of the Fourth Ward of Washington Parish. It appears that plaintiffs were denied the renewal of the licenses theretofore held by them when they sought such renewal in 1968'. The defendants herein are the Washington Parish Police Jury and Dorman A. Crowe, Sheriff of Washington Parish. Defendants admittedly refused to issue the renewal of the said licenses, contending that the area of the ward in which plaintiffs do business was voted dry in an election held under the provisions of Act 458 of 1962 of the State of Louisiana. The trial court rendered judgment in favor of defendants.
The sole specification of error advanced by the plaintiffs is that the trial court erred in refusing to find Act 458 of 1962 unconstitutional as a violation of Article IV, Section 4 of the Louisiana Constitution, and in refusing to enjoin the Police Jury of Washington Parish from acting under the wet-dry election held pursuant to this act.
Act 458 of 1962 is as follows:
“To authorize the electors residing in the unincorporated portion of Ward 4 of Washington Parish to hold a local option election under the provisions of Chapter 3 of Title 26 of the Louisiana Revised Statutes of 1950.
“Notice of intention to apply for the passage of this Act has been published and evidence of such publication exhibited to the Legislature, both as provided by Section 6 of Article IV of the Constitution of Louisiana.
“Be it enacted by the Legislature of Louisiana:
“Section 1. The electors residing in the unincorporated portion of Ward 4 of Washington Parish are hereby authorized to hold a local option election under the provisions of Chapter 3 of Title 26 of the Louisiana Revised Statutes of 1950, provided that only those electors residing in the unincorporated portion of Ward 4 of Washington Parish and none of those electors residing in the incorporated portion of Ward 4 of Washington Parish shall participate in such election. The results of such election shall apply only to the unincorporated portion of Ward 4 of Washington Parish.
“Section 2. If any provision or item of this Act or the application thereof is held invalid, such invalidity shall not affect other provisions, items or applications of this Act which can be given effect without the invalid provisions, items or application and to this end the provisions of this Act are hereby declared severable.
“Section 3. All laws or parts of laws in conflict herewith are hereby repealed.”
Admittedly, prior to the enactment of Act 458 of 1962, under the holding of the Supreme Court in the case of McGee v. Police Jury of Caddo Parish, (1954) 225 La. 471, 73 So.2d 424, a wet-dry election could not legally be held only in the unincorporated portion of a ward which contains an incorporated municipality.
Defendants contend, however, that the deficiency found by the Supreme Court in the McGee case has been supplied by the enactment of the subject Act above quoted.
The Louisiana Constitution, Article IV, Section 4 provides:
“The Legislature shall not pass any local or special law on the following specified subjects: For the holding and conducting of elections, or fixing or changing the place of voting. * *
In their brief, the defendants state:
“It must be pointed out and, as is stated in the McGee decisions, the legislature has the right to delegate to the local authorities their right to control the sale, etc. of *480 intoxicating liquors within the ward or parishes in their entirety. The Supreme Court in affirming the decision of the District Court (sic) in the McGee case says in Section 2 of its decision, that in considering the statute as a whole, we do not find any express and specific delegation of authority by the legislature to police juries to call a local option election in an unincorporated portion of a ward. The court thus indicated that if specific authority was given, it would be constitutional to call an election in an unincorporated portion of a ward. Such is the case in the Fourth Ward of Washington Parish, Louisiana. It is submitted that a review of the authorities cited in this case both by the Court of Appeal and the Supreme Court indicates that if the Legislature acts as it has done in the case at bar, there is nothing unconstitutional about the delegation of authority to the police jury to call an election in the unincorporated portion of any ward.”
We agree completely that the legislature has the right to delegate to local authorities the right to control the sale of intoxicating liquors within the ward or parishes in their entirety. Further, we agree that the legislature has the constitutional authority to provide by appropriate legislation for the police jury to call a wet-dry election in an unincorporated portion of a ward. However, this general and broad authority of the legislature must be exercised within the permissive bounds of the constitution and not in violation of prohibitive provisions. We find that Act 458 of 1962 is unconstitutional for the reason that it violates the prohibitive provision of Article IV, Section 4 quoted above. Act 458 of 1962 is both a local and a special law restricted in its application to the unincorporated portion of Ward Four of Washington Parish, and to no other area of any other ward of Washington Parish or any other parish of the state.
Further, the defendants argue that the “elections” referred to in Article IV, Section 4 of the Constitution refers to general elections for the election of public officers. No authority is cited for this argument. We find this section of Article IV applies equally to all elections, for were it not so, the Constitution would have so provided.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and there is judgment herein declaring unconstitutional Act 458 of 1962, and invalid the wet-dry election held under the provisions thereof, and the Police Jury of Washington Parish, Louisiana, is enjoined from refusing to issue a permit to sell alcoholic beverages containing more than 3.2 per cent alcohol by volume to petitioners on the basis of the results of the said wet-dry election.
Reversed and rendered.